8658

STATE *EX REL.* SIMS v. McMASTER, INSURANCE COMMISSIONER.

MANDAMUS—FOREIGN INSURANCE Cos.—There being no abuse of discretion on the part of the Insurance Commissioner in refusing to revoke the license of a foreign insurance company, or that it was capriciously or arbitrarily exercised on a rule to show why license should not be revoked for removing a case against it from the State into the Federal Court, the plaintiff in that case has no right to mandamus to require the commissioner to revoke the license as he shows no injury from refusal to revoke.

Motion by plaintiff to reinstate his appeal, dismissed by the Court for failure to appear and prosecute.

*Messrs. Gwynn & Hannon,* for the motion. *Messrs. Mordecai & Gadsden, Rutledge & Hagood,* contra.

September 30, 1913.

PER CURIAM. Sections 2669, 2670, and 2671 of the Civil Code of 1912 provide that it shall be a condition precedent to the right of any foreign corporation to do business in this State that all actions arising out of the business of such corporations with the citizens of this State shall be tried in the State Courts; and that it shall be deemed an essential part of all contracts between such corporations and

the citizens of the State that actions arising thereout or pertaining thereto shall be tried in the State Courts, which shall have exclusive jurisdicion of all such actions brought therein, saving the right of appeal to the Supreme Court of the United States. Other sections of the Civil Code prohibit foreign insurance companies from doing business in the State without a license from the Insurance Commissioner; and section 2700 provides that, besides other contingencies therein mentioned, if the commissioner shall find that any such company has violated the law of the State, "he shall revoke or suspend" its license, and prohibits the doing of business thereafter by such company, until its authority to do business is restored by the commissioner.

In June, 1912, the relator, T. P. Sims, commenced an action in the Court of Common Pleas for Spartanburg county against the respondent, The Mutual Life Insurance Company of New York, on a cause of action arising out of a transaction with said company. On petition and motion of the company, the cause was duly and regularly removed to the Federal Court. Thereafter, at the instance of the relator, the respondent, F. H. McMaster, the Insurance Commissioner of the State, cited the company to show cause before him why its license to do business in the State should not be revoked, because of its violation of the provisions of the statutes above mentioned in removing said cause to the Federal Court. For cause, the company showed that the case had been removed in consequence of its general policy and custom in such cases, and without any intention to violate the law of the State, and offered to do all that it could to have it restored to the dockets of the State Court for trial, agreeing that, if the plaintiff would move to dismiss the action in the Federal Court, it would consent thereto, and it would have its attorneys accept service of the same summons and complaint upon which the action had been originally brought, and pay all costs and expenses to which the plaintiff therein (the relator herein) had been put by

reason of the removal, except the fees of his attorneys. Upon this showing, the commissioner refused to revoke the company's license.

Thereupon, the relator instituted this proceeding to obtain a writ of mandamus to compel the commissioner to revoke the license. Upon the petition, a rule to show cause was issued, and the matter was heard by the Chief Justice, at chambers. Upon hearing the returns, he held that the revocation of the license was in the discretion of the commissioner, and that he had not abused his discretion or exercised it capriciously or arbitrarily, and, further, that the relator had shown no interest which had been prejudiced by the action of the commissioner. He, therefore, dismissed the petition. The relator appealed.

The respondent, The Mutual Life Insurance Company of New York, moved, on due notice, to dismiss the appeal, on the ground, among others, that the relator had no right to prosecute it, since no right of his was prejudiced by the action of the commissioner. Upon the day set for the hearing of the motion, no one appeared to resist it, and, on motion of respondent's attorneys, the Court passed an order dismissing the appeal, on the ground that the said T. P. Sims had not offered to show that he had any right to prosecute it.

Thereafter, on notice and affidavits, excusing their default, the attorneys for T. P. Sims moved the Court to reinstate the appeal. At the hearing of this motion, it was agreed by counsel that the Court should consider, along with the motion to reinstate the appeal, the original motion to dismiss it,—the practical effect of which is that, if the Court shall conclude that the appeal was properly dismissed, the motion to reinstate must be refused.

After careful consideration of the matter, we are of the opinion that no right of the relator, T. P. Sims, was prejudiced by the action of the commissioner; and, therefore, he has no right to prosecute this appeal. We fail to see how he would be benefited by the revocation of the company's

license. The commissioner properly took into consideration, in exercising his discretion, not only that the revocation of the license, under the circumstances, would not benefit the relator, but that it would do positive injury to the company, to the State, in the loss of revenue, and to many citizens of the State, who are agents of the company, and to many others, who are policyholders therein.

The citation of the company to appear before the commissioner to show cause why its license should not be revoked had the effect of bringing the company to a realization of its duty, under the law, to submit to the jurisdiction of the State Court, and it offered and agreed to do all that was in its power which the relator could have reasonably asked or required it to do to restore the case to the jurisdiction of the State Court. We are unable to see wherein the relator has any further interest in the matter, except, perhaps, to indulge a desire to punish the company; but the legislature has not seen fit to confer upon private individuals the power to punish in such cases.

The motion to reinstate the appeal is, therefore, refused.

*The Chief Justice disqualified.*